UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTONIO L. O'BANNON                                                           PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:22-CV-P382-GNS

LOUISVILLE METRO GOVERNMENT *et al.*                             DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff Antonio L. O'Bannon. This matter is before the Court upon a letter which the Court construes as a motion for preliminary injunctive relief (DN 8).

Plaintiff is incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He sues the Louisville Metro Government and LMDC Officer J. Livingston for violations of his constitutional rights. The Court has not yet screened this action pursuant to 28 U.S.C. § 1915A.[1]

In the instant motion, Plaintiff alleges that Defendant Livingston and other LMDC officers have begun retaliating against him for filing the instant action as well as *O'Bannon v. Louisville Metro Gov't et al.*, No. 3:22-cv-404-GNS. Plaintiff states that he believes these officers are "trying to kill me;" that he fears his life is in danger; that he is being "tortured;" and that one LMDC officer told him to hang himself after another inmate in his dorm actually did so. Plaintiff asks the Court to "please stop these officers from retaliating against me."

---

[1] When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

By prior Order, the Court directed service of this motion upon the Jefferson County Attorney's Office and that the Attorney's Office file a response. In response (DN 12), counsel argues that Plaintiff's motion should be denied. The Court agrees.

In deciding for a motion for preliminary injunctive relief, the Court must balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emp. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (internal quotation marks omitted). The four preliminary injunction factors are "'factors to be balanced, not prerequisites that must be met.'" *Michael v. Futhey*, No. 08-3932, 2009 U.S. App. LEXIS 28217, at *93-94 (6th Cir. Dec. 22, 2009) (quoting *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997)). Nonetheless, it remains that the hallmark of injunctive relief is a likelihood of irreparable harm. *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) ("[T]he demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction."); *see also Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22-23 (2008) (rejecting the notion that a mere "possibility" of irreparable injury was sufficient for a preliminary injunction and holding that "plaintiffs seeking preliminary relief [are required] to demonstrate that irreparable injury is likely in the absence of an injunction") (emphasis in original). Additionally, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. Injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet*

*v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th. Cir. 2002); *see also Winter*, 555 U.S. at 24. Further, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984).

Here, Plaintiff's allegations are devoid of particulars as to the date and times of the non-specific conduct he alleges. Although Plaintiff indicates that he is under constant threat of harm and death, his allegations are too vague and conclusory to establish a substantial likelihood of success on the merits of his claims or that he will suffer irreparable harm absent a preliminary injunction. The third and fourth elements also weigh against granting preliminary relief. The Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-CV-379-HRW, 2010 U.S. Dist. LEXIS 126890, at *19 (E.D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

Plaintiff's motion must also be denied because his request for relief is based upon new claims of retaliation that were not included in his original complaint. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Thus, "the party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d. 470 (8th Cir. 1994)). This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of

the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id*. (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)); *see also Devose*, 42 F. 3d. at 471 (holding that "new assertions" of retaliation and mistreatment "cannot provide the basis for a preliminary injunction"); *Pullen v. Howard*, No. 2:14-cv-104, 2015 U.S. Dist. LEXIS 48285 (S.D. Ohio Apr. 13, 2015) (denying preliminary injunction because motion was premised on new claims and allegations of unconstitutional retaliation and conditions of confinement and because it involved new defendants who had not been served) (report and recommendation).

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for a preliminary injunction (DN 8) is **DENIED**.

The Court will, however, provide Plaintiff the opportunity to file a supplemental complaint regarding the allegations set forth in the instant motion. Thus, **IT IS FURTHER ORDERED** that within **30 days** of entry of this Order Plaintiff may file a supplemental complaint in which he names as Defendants the LMDC officers whom he identifies in the motion, sues these Defendants in their individual capacities, and describes in detail how each Defendant retaliated against him for filing two actions in this Court.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 1983 complaint form with this case number and the words "Supplemental Complaint" in the caption as well as four blank summons forms.

5

After the time to file a supplemental complaint has expired, the Court will conduct an initial review of the complaint and the supplemental complaint, if one is filed, pursuant to 28 U.S.C § 1915A.

Date: November 30, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Counsel of Record
4416.011